**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STACEY MOODY,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>COUNTY OF SAN MATEO;<br>LAURENCE GAINES; RON SALAZAR,<br>DOES 1-10, INDIVIDUALLY,<br><br>　　　　Defendants - Appellees. | No. 10-15118<br><br>D.C. No. 3:08-cv-01864-MMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted November 29, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

　　Stacey Moody appeals the district court's grant of summary judgment in favor of her employer, San Mateo County. We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

I

The district court did not abuse its discretion in precluding Moody from expanding the scope of her hostile work environment claim after the close of discovery to include new conduct. Although she was aware of the alleged conduct when she filed this action, she did not allege it in her complaint, nor rely on it on later responses to the County's interrogatories. The district court determined that expanding the scope of Moody's claims would delay the proceedings and disrupt a schedule on which the parties had been relying for over a year. Under these circumstances, the district court acted within its discretion in limiting the scope of her claim. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Moody's remaining allegations are insufficient to support a prima facie case of hostile work environment. The offensive comments occurred four years apart and were not severe or pervasive enough to create a triable issue of fact. *See, e.g.*, *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642-43 (9th Cir. 2004) (affirming summary judgment on hostile work environment claim where plaintiff's primary claim arose from statements made more than six months apart). The district court

did not err in granting summary judgment for the County on Moody's hostile work environment claim.

## II

The district court properly granted summary judgment on the gender discrimination claim. In response to Moody's prima facie showing that she was not promoted because of her gender, the County articulated a "legitimate, non-discriminatory reason for its action." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). In response, Moody failed to establish a triable issue of fact as to pretext surrounding the County's reasons for not selecting her for the position. The district court did not abuse its discretion in allowing the County to submit a declaration in response to new allegations made by Moody in her reply brief. Absent evidence of pretext, the district court appropriately granted summary judgment on the gender discrimination claim.

## III

The district court properly granted summary judgment on Moody's retaliation claim. Even if we assume, *arguendo*, that Moody had engaged in protected activity, Moody did not tender evidence of a "causal link" between her activity and the adverse employment decision. *Vasquez*, 349 F.3d at 646.

Therefore, the district court properly concluded that she had not established a prima facie case of retaliation.

**AFFIRMED.**